UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24137-BLOOM/Otazo-Reyes

CESAR PANTOJA,

     Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE COMPANY,

     Defendant.

_____/

ORDER ON PLAINTIFF'S MOTION TO REMAND
FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** is before the Court upon Plaintiff, Cesar Pantoja's, Motion to Remand for Lack of Subject Matter Jurisdiction, ECF No. [9] ("Motion"). Defendant, Geovera Specialty Insurance Corporation, filed a Response, ECF No. [10], to which Plaintiff filed a Reply, ECF No. [11]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted and the case is remanded to state court.

**I.     BACKGROUND**

This matter stems from a lawsuit Plaintiff filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on February 26, 2021. ECF No. [1] at 7. Plaintiff asserted claims for breach of contract and declaratory relief arising from Defendant's failure to pay an insurance claim for property damage. *Id.* at 8–15. Plaintiff alleges that the property damage exceeds $30,000.00, exclusive of interest, costs, and attorney's fees. *Id.* at 7.

On November 24, 2021, Defendant filed its Notice of Removal, ECF No. [1] ("Notice"), asserting diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a). The Notice states that on

Case No. 21-cv-24137-BLOOM/Otazo-Reyes

October 27, 2021, Plaintiff submitted a repair estimate of $50,310.83, and a settlement demand of $79,800.00, inclusive of attorney's fees and costs. *Id.* at 2. Defendant represents that the estimate and settlement demand provide grounds for removal because the amount in controversy exceeds $75,000.00. *Id.*

Plaintiff now moves to remand the case back to state court on the basis that Defendant has failed to prove that the amount in controversy exceeds $75,000.00—and specifically, the attorney's fees that make up part of the amount in controversy. ECF No. [9]. Plaintiff contends that for purposes of establishing federal jurisdiction, attorney's fees are determined at the time of removal. *Id.* at 6–8. Plaintiff submits that Defendant has failed to prove that Plaintiff had incurred at least $29,489.17 in attorney's fees at the time of removal, which would be necessary to reach the $75,000.00 threshold, accounting for the $50,310.83 repair estimate. *Id.* at 9–13.

Defendant responds that Plaintiff's settlement demand was sufficiently detailed to establish that the amount in controversy threshold has been met. ECF No. [10] at 4–5. Defendant, however, does not address Plaintiff's arguments regarding the time for calculating attorney's fees upon removal. *See id.*

## II.    LEGAL STANDARD

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a). Generally, a notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other paper from which it may be first ascertained that the

case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v.*

*Nationstar Mortg.*, *LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where . . . the plaintiff has

not pled a specific amount of damages, the removing defendant must prove by a preponderance of

the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter*

*City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). In determining

whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at

the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc.*

*v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this

standard is met, a court first examines whether 'it is facially apparent from the complaint that

the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*,

450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co.*, *Inc.*, 269 F.3d 1316, 1319

(11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir.

2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should

look to the notice of removal and may require evidence relevant to the amount in controversy at

the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

Although defendants have a statutory right to remove an action, "the right of removal is

strictly construed, as it is considered a federal infringement on a state's power to adjudicate

disputes in its own courts." *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2219730, at *1

(S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see*

*also Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Thus, "when the

court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand." *Id.* (citing

*Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997)); *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) ("[I]t is axiomatic that ambiguities are generally construed against removal." (citation and internal quotation marks omitted)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

## III.   DISCUSSION

As this Court has explained in previous cases that have raised the same jurisdictional issue, the Eleventh Circuit "has not yet clarified whether the amount of attorney's fees included in the amount in controversy is the amount accrued at the time of removal or the prospective amount of attorney's fees required to litigate the entire case." *Castillo v. GeoVera Specialty Ins. Co.*, No. 21-CV-20059, 2021 WL 58116, at *2 (S.D. Fla. Jan. 7, 2021). The lack of clarity has split the district courts, but this Court has taken the stance "that the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal." *Hernandez v. ITW Food Equip. Grp. LLC*, No. 20-CV-24583, 2021 WL 602586, at *4 (S.D. Fla. Feb. 16, 2021) (internal quotation marks omitted); *accord Blasini v. W. World Ins. Co.*, No. 21-23261-CIV, 2021 WL 5832772, at *3 (S.D. Fla. Dec. 9, 2021) ("Attorney's fees as calculated at the time of removal may be included in the amount in controversy."). Defendant provides no authority to the contrary.

Here, Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The repair estimate of $50,310.83 is sufficiently detailed for jurisdictional purposes. ECF No. [1] at 16–28. However, Plaintiff's settlement demand simply requests "$79,800.00 GLOBAL (exclusive of AOBs)." *Id.* at 78. Although there was activity in the case prior to removal, *see* ECF No. 6-1 (state docket sheet), it is entirely speculative whether

4

Plaintiff's fees had exceeded $29,000.00 at the time of removal. Notably, the Court must resolve all doubts about its jurisdiction in favor of remand. *See Family Meat, Inc.*, 2019 WL 8160417, at *2. As such, because Defendant has failed to meet its burden of establishing the amount in controversy requirement for diversity jurisdiction, remand is appropriate.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand, **ECF No. [9]**, is **GRANTED.** This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 20, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record